Michael L. Rains
RAINS LUCIA STERN ST. PHALLE
 & SILVER, P.C.
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA  94523
T:  925.609.1699
F: 925.609.1690
MRains@rlslawyers.com

  and

Tania B. Rose
ROSECOUNSEL
1716 Rose St
Berkeley, CA 94703
T:  415.724.1373
T.Rose@rosecounsel.net

Attorneys for Plaintiff
SAMUEL JOSEPH

JACKSON LEWIS P.C.
MICHAEL J. CHRISTIAN (SBN 173727)
SHANE R. LARSEN (SBN 283966)
400 Capitol Mall, Suite 1600
Sacramento, California  95814
Telephone:       (916) 341-0404
Facsimile:        (916) 341-0141
Michael.Christian@jacksonlewis.com
Shane.Larsen@jacksonlewis.com

Attorneys for Defendants,
CITY OF ATWATER, CINDY VIERRA, BRIAN
RAYMOND and PAUL CREIGHTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| SAMUEL JOSEPH, | Case No. 1:20-cv-00811-ADA-EPG |
| Plaintiff, | **STIPULATION AND REQUEST FOR CONTINUANCE OF DISCOVERY RELATED DEADLINES** |
| v. | |
| CITY OF ATWATER; CINDY VIERRA; BRIAN RAYMOND; PAUL CREIGHTON; LORI WATERMAN; and DOES 1 through 20, inclusive, | (ECF No. 29) |
| Defendants. | |

1

Counsel for Plaintiff SAMUEL JOSEPH ("Plaintiff) and Defendants CITY OF ATWATER (the "City"), CINDY VIERRA, BRIAN RAYMOND, and PAUL CREIGHTON ("Defendants") (collectively referred to herein as the "Parties"), hereby submit the following Joint Status Report:

1. This Action was initially filed in the Superior Court of the State of California for the County of Merced on or about December 13, 2019. Plaintiff filed an amended complaint in Merced Superior Court on or about May 11, 2020, and Defendants removed to this Court on or about June 10, 2020.

2. As discussed in the Parties' March 18, 2022 stipulation (ECF No. 18), Plaintiff litigated a separate matter in the California State Court system in which he sought a Writ of Mandamus claiming he was denied the proper procedural due process by the City in his discharge. The Merced County Superior Court denied Plaintiff's Writ in that proceeding, but the District Court of Appeal issued a decision reversing that decision and directing the City to follow a different procedure in its intent to discharge Plaintiff. Factual and legal issues in that matter overlap with matters at issue in this Action based on the currently plead claims, specifically the status of Plaintiff's termination from the City. That issue is now set to for arbitration.

3. The Parties mediated the matter on August 31, 2022, with Hon. Ret. Justice McAdams in an attempt to find a global resolution, but the Parties were unable to resolve the matter. The Parties have significant discovery to complete.

4. The Arbitration regarding Plaintiff's termination is set to proceed on April 20, 2023. Defendants believe that the outcome of the Arbitration will impact this Action, both on liability and available damages, and for that reason the Arbitration result will in turn impact potential further alternative dispute resolution. Accordingly, the Plaintiff does not oppose the Arbitration to proceed before finalizing discovery in this Action, and acquiesces that discovery will be stayed, subject to the exceptions below, until the Arbitrator's decision on the termination.

5. The Parties are not seeking a change to the trial date of April 9, 2024.

6. The Parties hereby stipulate to the following new dates and request the Court to modify the scheduling order accordingly:

///

| CATEGORY | PRIOR DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Non-Expert Discovery Cut-Off | April 14, 2023 | July 31, 2023 |
| Expert Disclosures | May 15, 2023 | August 31, 2023 |
| Rebuttal Expert Witnesses Exchange | June 14, 2023 | October 2, 2023 |
| Expert Discovery Cut-Off | July 14, 2023 | November 3, 2023 |
| Dispositive Motion Filing Deadline | August 28, 2023 | November 30, 2023 |
| Pretrial Conference | February 5, 2024 | No Change |
| Trial | April 9, 2024 | No Change |

7. The Parties have discovery to complete following the Arbitration, but they agree that document collection through the third-party subpoena process, including objections to issued third-party subpoenas, may continue during this stay. The Parties further agree that an informal discovery conference with the Magistrate in this Action is acceptable now to address the following outstanding issues:

    a. Counsel for Plaintiff would like to address the issue of discoverability of comments made in City Council closed sessions meetings. Counsel for Defendants disagrees that such information is discoverable, but is willing to engage in an informal discovery conference to consider any Court guidance; and

    b. At the discovery conference, counsel for Defendants will raise the issue of Plaintiff's obligation to produce documents and information in Plaintiff's possession regarding alleged impeachment of witnesses in this Action and information supporting discoverability of alleged comments made in City Council closed session meetings.

8. Pursuant to the terms of this Stipulation, the Parties jointly request that the Court grant the requested modification to the scheduling agree as set forth above.

/ / /

/ / /

3

1   9. The Parties also request an informal discovery conference be set the week of April 10, 2023, or a date available to the Court and the Parties; the Court's procedure for submitting discovery issues to the Magistrate Judge Grosjean will be followed.

10. In light of this Stipulation, the Parties agree that the Status Conference scheduled for March 27, 2023, is not necessary and may be removed from the calendar.

It is so AGREED.

Date:  March 17, 2023                    RAINS LUCIA STERN ST. PHALLE & SILVER


By:  /s/ (Auth. By Tania Rose 03/17/23)
       MICHAEL J. RAINS

Attorneys for Plaintiff
SAMUEL JOSEPH


Date:  March 17, 2023                    LAW OFFICES OF TANIA B. ROSE


By:  /s/  Tania B. Rose (Auth. 03/17/23)
       TANIA B. ROSE

Attorneys for Plaintiff
SAMUEL JOSEPH


Date: March 17, 2023                    JACKSON LEWIS P.C.


By:  /s/   Michael J. Christian
       MICHAEL J. CHRISTIAN
       SHANE R. LARSEN

Attorneys for Defendants
CITY OF ATWATER, CINDY VIERRA,
BRIAN RAYMOND and PAUL CREIGHTON

4

**ORDER**

Based on the parties' stipulation (ECF No. 29), IT IS ORDERED that the scheduling order (ECF Nos. 10, 15, 28) is modified as follows:

| **CATEGORY** | **PRIOR DEADLINE** | **PROPOSED DEADLINE** |
| --- | --- | --- |
| Non-Expert Discovery Cut-Off | April 14, 2023 | July 31, 2023 |
| Expert Disclosures | May 15, 2023 | August 31, 2023 |
| Rebuttal Expert Witnesses Exchange | June 14, 2023 | October 2, 2023 |
| Expert Discovery Cut-Off | July 14, 2023 | November 3, 2023 |
| Dispositive Motion Filing Deadline | August 28, 2023 | November 30, 2023 |
| Pretrial Conference | February 5, 2024 | May 6, 2024, at 1:30 p.m. before Judge de Alba |
| Trial[1] | April 9, 2024 | July 9, 2024, at 8:30 a.m. before Judge de Alba |

Further, the status conference scheduled for March 27, 2023, is continued to April 27, 2023, at 10:30 a.m. The parties shall file a joint status report seven days prior to the conference.

Courtroom Deputy Michelle Rooney will reach out to the parties to schedule the requested informal discovery dispute conference.

IT IS SO ORDERED.

Dated:   **March 20, 2023**                    /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Although the parties do not request to extend the pretrial or trial dates, the extension of the dispositive-motion deadline necessitates an extension of these dates.